**Louis Grossman, Appellee, v. E. H. Nichols, Appellant.**

**Gen. No. 26,830.**

1. Insurance—*party against whom action on automobile policy is properly brought.* In an action upon an automobile insurance policy in an unincorporated association, *held* that defendant was acting as agent of an undisclosed principal, nominally as its attorney in fact, and that suit was properly brought against him individually.

2. Appeal and error—*when objection to calling person as witness need not be considered.* An objection, in an action on an auto-

mobile insurance policy issued in the name of an unincorporated association, to calling as a witness, under section 33 of the Municipal Court Act (Cahill's Ill. St. ch. 37, ¶ 421) one who signed the policy as "President Advisory Board," need not be considered where such person was later called as the only witness for the defense.

Appeal from the Municipal Court of Chicago; the Hon. FRANK E. REED, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1921. Affirmed. Opinion filed December 30, 1921.

GEORGE H. SUGRUE, for appellant; MELVILLE R. THOMSON, of counsel.

WILLIAMS & RYER and LAWRENCE E. DOWD, for appellee; JULIAN C. RYER, of counsel.

MR. JUSTICE BARNES delivered the opinion of the court.

Plaintiff brought this suit on an insurance policy to recover damages resulting from loss of his automobile by fire. It was tried without a jury and the finding and judgment were in his favor in the sum of $1,000, the full amount the policy called for.

The only point made and argued on this appeal is that under the evidence there could be no judgment against defendant as the liability rested upon his principal, Illinois Auto Insurance Association.

The association is not a corporation. It was merely an organization, as admitted, "consisting of the subscribers of that association." Who they were or how many other than plaintiff is not shown. From the evidence it appears to be a case of an undisclosed and concealed principal for whom defendant acted as agent, nominally its "attorney in fact." The service of summons was upon Nichols, but he did not appear at the trial. The affidavit of defense was made by one R. Dale Crawford as agent of "defendant." Both from the statement of claim and the title of the case, Nichols must be deemed the sole defendant, his description in the title being surplusage.

The testimony was meager. Plaintiff was his only witness except that he called said Crawford, under section 33 of the Municipal Court Act (Cahill's Ill. St. ch. 37, ¶ 421), who had countersigned the policy as "President Advisory Board," the duties of which were not explained. At the time of the hearing Crawford was no longer connected with said association. While objection was made to calling him as a witness under section 33, the objection need not be considered for he was later called as the only witness for the defense. Aside from the policy and other documentary evidence and a witness called in rebuttal of evidence not necessary to be referred to, no other witnesses were called or evidence heard.

The policy purports to be one by "Subscribers at Illinois Auto Insurance Association" to indemnify and insure plaintiff, referred to as the "subscriber," against loss or damage to his auto by fire, etc. It purported to be issued "in consideration of a payment of membership fee, annual dues and assessment, and of the statements and warranties contained in the subscriber's application and power of attorney and subscriber's contract." It states that it is issued "by the association" subject to enumerated "conditions, limitations and agreements." One of them requires that "subscribers shall notify the attorney in fact at the Association, hereinafter called the 'Manager,' " of any accident or loss or claim. The witnessing clause reads: "In witness whereof the subscribers of the Illinois Auto Insurance Association have severally caused these presents to be executed." It is signed by "E. H. Nichols, Attorney in Fact, Secretary-Treasurer," and countersigned by said Crawford as "President Advisory Board," and one Coombs as "General Manager." There was no evidence as to the latter or his duties. The policy, as above stated, refers to the "Attorney in fact" as the "Manager."

Defendant produced plaintiff's application as a sub-

scriber, but only its first clause is abstracted. It reads:

"I do hereby appoint E. H. Nichols, of Chicago, Illinois, my attorney in fact to procure such insurance from the Illinois Auto Insurance Association of Chicago through the exchange of several but not joint contracts, to bind me to the subscriber's contracts in said association and to act for me as set forth in the policy contract and the said subscriber's contract which are made a part hereof."

So far as abstracted the policy and said application, which will be construed as a part of the contract, refer to no other party than Nichols in bringing the so-called subscribers, whoever they may be, into the mutual relation evidently contemplated but not made fully apparent from the record. What may be their liability towards one another does not appear. From the cited clause in the application blank it would appear that the liability of each was several and not joint, and that therefore to recover against them would necessitate as many suits as there were subscribers. But defendant, in keeping with the apparent policy of concealment and unwillingness to disclose his principal, did not appear at the trial in person, and made no defense except through the testimony of Crawford, which impresses us as carrying out such policy. He merely identified his own and Nichols' signatures to the insurance policy; said he was no longer connected with the association; that the association was one of automobile owners engaged in the automobile business; that he could not name any particular member of it; that he supposed they received money for insuring automobiles; that he received compensation for his services from Nichols, and that he made some investigations with regard to plaintiff's loss, and gave other testimony with regard to identity and value of plaintiff's automobile, which, in view of rebuttal testimony and failure to argue such evidence, we need not review. That more information might have been given that

would disclose the business of the association and who besides Nichols conducted it, is apparent.

We need not discuss the general principles of agency or whether the policy discloses an intention to bind defendant as attorney in fact. It seems rather to be a case of an undisclosed principal. Plaintiff seems to have had no means of ascertaining whom Nichols represented, and the defense indicated no purpose to enlighten him on that subject. The suit is against Nichols individually, who seems from the evidence to have been the main executive officer, secretary and treasurer of the alleged association. He can hardly complain of a judgment against him individually when on a prima facie case of his liability as such he made no attempt to explain the designation "attorney in fact," or to show for whom he was acting. If there is a liability on the part of other subscribers he, under such circumstances, and not plaintiff, is in a position to know who they are and to seek contribution. Presumably, if the association was a going concern, there were numerous subscribers. Plaintiff could hardly be required to bring suit against each of them. The case is analogous to that of *Warfield-Pratt-Howell Co. v. Williamson,* 233 Ill. 487, where the court said that the language as well as the spirit of the agreement "shows plainly that the subscribers did not contemplate that they would be required to bring five or six hundred suits at law in order to collect for a loss, or that they would be called upon to individually defend suits that might be brought against them by other subscribers for losses." The court there said that it was of the opinion that the "manager represents all the subscribers, and that a judgment against him in an action at law or a decree in an action of equity is binding upon the indemnity company." Hence we think the judgment should be affirmed.

A motion was made to strike the bill of exceptions. It will be denied. Whatever its defects, plaintiff stip-

ulated without reservation that it might be incorporated in this record.

*Affirmed.*

GRIDLEY, P. J., and MORRILL, J., concur.